HADDOX, RESPONDENT, *v.* NORTHERN PACIFIC RY. CO. ET AL., APPELLANTS.

(No. 3,155.)

(Submitted September 13, 1912. Decided October 3, 1912.)

[127 Pac. 152.]

*Personal Injuries — Railroads — Trespassers — Instructions — Duty of Engineer—Immaterial Modification.*

1. *Held,* that the modification of an instruction offered by defendants in a personal injury action, by eliminating the word "actually" in a sentence which declared that the duty of defendant locomotive engineer to make all reasonable efforts to avoid striking the person injured while walking on or near a railway track, did not arise until defendant had *actually* discovered the former in a position of peril, was immaterial, the modification neither adding to nor taking away anything from the instruction.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Thomas Haddox against the Northern Pacific Railway Company and another. From a judgment for plaintiff and an order denying a motion for new trial, defendants appeal. Affirmed.

*Messrs. Gunn & Rasch,* for Appellants, submitted a brief; *Mr. Carl Rasch* argued the cause orally.

The only question which is presented here is the action of the trial court in refusing to instruct the jury that the duty of the defendant engineer to make all reasonable efforts within his power to stop the train did not arise until he actually dis-

covered the deceased in a position of peril. That such is the law was distinctly announced by the supreme court of Utah in the case of *Palmer* v. *Oregon Short Line R. Co.,* 34 Utah, 466, 16 Ann. Cas. 237, 98 Pac. 689, where the court said: "The duty to prevent injury arises only after the trespasser is actually discovered in a place of danger, and not from the time he, by the exercise of ordinary care, might or ought to have been discovered." To the same effect is *Thomas* v. *C. M. & St. P. Ry. Co.,* 93 Iowa, 967, 61 N. W. 967.

In behalf of Respondent there was a brief by *Messrs. Maury, Templeman & Davies,* and oral argument by *Mr. H. Lowndes Maury.*

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by the father of Omer Haddox, deceased, to recover damages which the plaintiff as parent suffered by reason of the death of his son. From a judgment in favor of the plaintiff and from an order denying them a new trial, the defendants appealed.

The cause is submitted to this court upon the briefs in *Melzner, Admr.* v. *Northern Pacific Ry. Co. et al.,* just decided [*ante,* p. 162, 127 Pac. 146], for a determination of all questions involved, except one. Upon the questions common to the two cases our decision in the *Melzner Case* determines them against the appellants. The one question submitted in this case which was not considered in the *Melzner Case* arises upon the action of the trial court in modifying an instruction tendered by the defendants, to the effect that the duty of Engineer Barry to make all reasonable efforts to avoid striking the boy did not arise until Barry *actually* discovered the boy in a position of peril. The trial court modified the offered instruction by striking out the word "actually," and error is predicated upon that action. The presence of the word "actually" in the instruction did not add anything, and its elimination did not take away anything from the instruction. "Discovered" means actually

discovered, and "actually discovered" does not mean more than "discovered."

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH did not hear the argument and takes no part in the foregoing decision.